**In the Matter of Warren Henry BUTLER.**

**No. CX–85–1868.**

Court of Appeals of Minnesota.

Dec. 31, 1985.

John Myron Lund, Minneapolis, for appellant Warren Henry Butler.

Thomas Johnson, Hennepin Co. Atty. John R. Owen, Asst. Co. Atty., Minneapolis, for appellee.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Butler seeks review of a finding that he was not competent to proceed to trial on pending criminal charges and a subsequent order of commitment to Anoka State Hospital as a mentally ill person. We affirm.

## FACTS

Appellant, age 40, shared a house with five other men. One of the men, Leonard Olson, testified that on June 23, 1985, he saw appellant Warren Butler in the communal kitchen around midnight and that Butler accused Olson of being "one of them." Butler then hit Olson in the face, knocking Olson's glasses to the floor. When Olson reached for his glasses, Butler pushed him to the floor, grabbed his legs, and then repeatedly struck Olson's right leg against the edge of a stairway until the leg broke.

Olson testified that Butler then asked aloud why he had hurt Olson and that Butler picked up a butcher knife and told Olson to stick the knife through him.

Butler was charged with assault in the third degree. His attorney moved for an evaluation of competency. *See* Minn.R. Crim.P. 20 (procedure for determining mental fitness). The chief court psychologist reported Butler was not competent to proceed on the criminal charges. Butler insisted he was competent to stand trial, and a competency hearing was conducted to determine whether proceedings should be instituted.

At the competency hearing, Butler testified he was innocent of the assault charge and understood the criminal trial process. When questioned by his own counsel as to whether he would be able to explain his version of the incident to his public defender, Butler replied: "He knows what I do for a living." When asked by the county attorney to explain the meaning of the phrase "even monkeys fall from trees," Butler replied that Olson "was on some sort of medication, directly or indirectly."

A friend of appellant, Barbara Lyons, testified Butler preferred to stand trial on the criminal charges and go to jail to avoid the stigma of mental illness. This preference was also corroborated by statements made to the court-appointed examiner. Psychologist Daniel Wiener concluded Butler's understanding of the legal process and comprehension of the proceedings was only superficial. He noted Butler could answer questions about the criminal process but that he very quickly rambled from the subject and became vague.

The trial court concluded appellant was incompetent to proceed in the criminal matter and referred the case for a commitment hearing.

At the commitment hearing, Olson related the violent incident of June 23. The investigating police officer told the court

he found Butler's answers to his questions disjointed and nonsensical. The officer explained Butler told him "it all depends on golf." Barbara Lyons confirmed that Butler frequently alludes to golf, a game he often played some years ago.

Psychologist Wiener testified Butler suffered a schizophrenic disorder that grossly impaired his judgment, behavior, and capacity and disordered his thoughts, moods, and perception. Wiener concluded Butler posed a threat of harm to others, based on the harm he had already done.

In Butler's conversation with Wiener, he continued to deny any legal difficulties, despite the pending criminal charges and commitment petition. Since Butler refused medication and voluntary treatment and denied any mental illness, Wiener recommended hospitalization at Anoka State Hospital for evaluation and treatment.

The trial court concluded Butler was mentally ill and ordered him committed to the state hospital. Butler appeals the determination of incompetency and argues the trial court improperly ordered his commitment.

## ISSUES

Is the evidence adequate to support findings on incompetency of appellant to proceed at trial and on cause for his commitment?

## ANALYSIS

1. The trial court's factual findings will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. The trial court is in a unique position to evaluate the credibility of the witnesses. *Id.*

■ A person who is mentally ill "so as to be incapable of understanding the proceedings or participating in his defense" may not be tried on criminal charges. Minn.R.Crim.P. 20.01, subd. 1. The trial court's finding of incompetency was supported by the professional opinion of a licensed consulting psychologist and the court's evaluation of the testimony of the appellant. It was not clearly erroneous.

■ 2. A person is mentally ill and subject to involuntary commitment if he has a substantial psychiatric disorder manifested by instances of faulty perception and grossly disturbed behavior and if the condition poses a substantial likelihood of physical harm to himself and others. Minn.Stat. §§ 253B.02, subd. 13; 253B.09, subd. 1 (1984). Appellant disputes only the trial court's finding that he poses a danger to himself or others. This finding is supported by the testimony of Leonard Olson and the opinions of Dr. Wiener, and it is not clearly erroneous.

■ 3. A mentally ill person may be committed to the least restrictive facility that can meet his treatment needs only after the trial court carefully considers reasonable alternative dispositions, including voluntary treatment. Minn.Stat. § 253B.09, subd. 1. The court here found no alternative disposition existed. That finding is supported by testimony that Butler denied any need for treatment or medications and refused voluntary treatment. Dr. Wiener recommended residential evaluation and treatment at Anoka State Hospital, and the trial court concluded that was the least restrictive alternative. There is no clear error in this finding, and the trial court did not err by ordering involuntary hospitalization.

## DECISION

The findings of the trial court are not clearly erroneous, and appellant was properly hospitalized as a mentally ill person.

Affirmed.